NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0785n.06

No. 10-2176

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Nov 22, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| RONALD EDWIN KUCH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| LLOYD RAPELJE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MARTIN, MOORE and COOK, Circuit Judges.

PER CURIAM. Petitioner-Appellant Ronald Kuch appeals the district court's denial of his petition for habeas corpus. Police officers arrested Kuch, who is currently on parole, after an animal control officer discovered Kuch sodomizing a dead dog in a wooded area near an elementary school. Prosecutors charged Kuch with sodomy, Mich. Comp. Laws § 750.158; indecent exposure, Mich. Comp. Laws § 750.335a; and resisting and obstructing an officer, Mich. Comp. Laws § 750.81d(1). Michigan's sodomy statute, the focus of Kuch's habeas petition, penalizes "[a]ny person who . . . commit[s] the abominable and detestable crime against nature either with mankind or with any animal." Mich. Comp. Laws § 750.158.

Following his preliminary examination, Kuch moved to dismiss the sodomy charge, arguing that the sodomy statute did not criminalize sexual acts involving an animal carcass and challenging

the statute as "unconstitutionally vague and overly broad as applied to defendants who use animal carcasses for sexual purposes." The state trial court rejected this challenge, and the Michigan Court of Appeals declined to address Kuch's arguments in an interlocutory appeal. Following the court of appeals' rejection of his request for an interlocutory appeal, Kuch pleaded guilty to all three charges against him but reserved his right to challenge the constitutionality of his sodomy conviction. After sentencing, Kuch raised the same objections in an application for leave to appeal in the Michigan Court of Appeals. The court denied Kuch leave to appeal, citing "lack of merit in the grounds presented," and the Michigan Supreme Court denied discretionary review.

After exhausting his post-conviction remedies in state court, Kuch filed this habeas action under 28 U.S.C. § 2254, challenging his conviction as "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d). The district court denied habeas relief, adopting the analysis of the magistrate judge as set forth in his comprehensive report and recommendation. On appeal, Kuch reprises the arguments already rejected.

Having studied the appellate record, the magistrate judge's report and recommendation, the district court's opinion, and the briefs of the parties, we conclude that relief under § 2254(d) is not warranted. Because the issuance of a detailed opinion by this court would serve no useful purpose, we **AFFIRM** the judgment of the district court.